IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00999-CMA-MJW

SALOMON JUAN MARCOS VILLARREAL,

Plaintiff,

v.

UNITED STATES,

Defendant.

---

## RECOMMENDATION ON
## THE UNITED STATES' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT
## WITH RESPECT TO PETITION TO QUASH A SUMMONS SERVED ON THE BANK
## OF AMERICA (DOCKET NO. 13)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the United States' Motion to Dismiss and/or for Summary Judgment with Respect to Petition to Quash a Summons Served on the Bank of America (docket no. 13). The court has reviewed the subject motion (docket no. 13), the response (docket no. 16), the reply (docket no. 22), and the sur-reply (docket no. 20-1). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction,

federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp.2d 1091, 1094-95 (D. Colo. 2001).

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the

opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . . The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . . Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or

surmise' to defeat a motion for summary judgment." <u>Southway</u>, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." <u>Id.</u> at 1273.

Here, the court finds that it lacks subject matter jurisdiction to quash the summons and, therefore, this action should be dismissed or transferred to the District of Nevada. Under 26 U.S.C. § 7609(h)(1), the federal district court for the district where the summoned person "resides or is found" has jurisdiction to adjudicate a petition to quash an IRS summons. The Bank of America does not "reside" in Colorado, so the question of subject matter jurisdiction turns on whether the bank "is found" in Colorado. There is no evidence presented by the petitioner to suggest that the Bank of America maintains any offices or branches in Colorado. See docket no. 13 attached Declaration of Pertierra at paragraph 19. Bank of America's sole physical presence in Colorado appears to consist of automatic-teller machines ("ATMs").

Whereas a branch office, or even a storage facility containing records requested in a summons, might logically afford a financial institution a "physical presence" within a jurisdiction, the mere presence of scattered ATMs, without more, does not. <u>Hopkins v. IRS</u>, 2008 WL 2079151 at *3 (D.N.M. Mar. 28, 2008) (referring to branch offices as an example of having an "actual physical presence" and then concluding that the taxpayers did not allege "the sort of physical presence" in that district on the part of two banks and a tax service "that would lead them to be considered 'found' in [the] district for purposes of § 7609(h)(1)"), <u>aff'd</u>, 318 Fed. Appx. 703 (10th Cir. 2009). <u>See also</u> <u>McCammon v. United States</u>, 568 F. Supp.2d 73, 74 (D.D.C. 2008).

In Petitioner's Response (docket no. 16), the Petitioner responds to the issue of subject matter jurisdiction, *in pertinent part*, as follows: "The IRS asserts that this Court lacks jurisdiction over this matter because Bank of America cannot be found in this district. Rather than fight over this point, Petitioner moves for a change of venue pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a)." (Docket no. 16 at 10). Petitioner moves to transfer this action to the District of Nevada arguing that according to Bank of America's website, it has 84 branches and 272 ATM machines in that district. (Docket no. 16 at 11).

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1.    That United States' Motion to Dismiss and/or for Summary Judgment with Respect to Petition to Quash a Summons Served on the Bank of America (docket no. 13) be **GRANTED**;

2.    That this action be transferred to the District of Nevada; and

3.    That each party shall pay their own attorney fees and costs for this motion.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file**

and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date: September 2, 2011        <u>s/ Michael J. Watanabe</u>
      Denver, Colorado         Michael J. Watanabe
                              United States Magistrate Judge