**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00999-CMA-MJW

SALOMON JUAN MARCOS VILLARREAL,

    Petitioner,

v.

UNITED STATES,

    Respondent.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART SEPTEMBER 2, 2011
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

    The United States' Motion to Dismiss And/Or For Summary Judgment With Respect to Quash a Summons Served on the Bank of America (Doc. # 13) was referred to United States Magistrate Judge Michael J. Watanabe on July 22, 2011.  (Doc. # 15.) On September 2, 2011, the Magistrate Judge issued his Recommendation (Doc. # 25), recommending that the Motion be granted and this action be transferred to the District of Nevada.  Although the Magistrate Judge advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation, neither party has, to date, filed any objections.  For the reasons stated below, the Court AFFIRMS IN PART and REJECTS IN PART the September 2, 2011 Recommendation of the Magistrate Judge.

"In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

In this case, Petitioner seeks to quash an IRS summons that was served on the Bank of America, allegedly related to an investigation by the tax authority of the country of Mexico into the income tax liability of Petitioner.  The Government has contended that this Court lacks subject matter jurisdiction to quash the summons because the Bank of America neither resides nor is found in Colorado.  Under 26 U.S.C. § 7609(h)(1), a federal district court for the district where the summoned person "resides or is found" has jurisdiction to adjudicate a petition to quash an IRS summons.  The Magistrate Judge found that it lacked subject matter jurisdiction under § 7609(h)(1) because the Bank of America did not reside nor is found in Colorado, and thus recommended that this action should be transferred to the District of Nevada; Nevada being a state in which the Bank of America apparently is found.  The Court agrees with the Magistrate Judge's recommendation that transfer is proper under 28 U.S.C. § 1406(a) to cure this jurisdictional defect.[1]  However, the Magistrate Judge also recommended that the Government's Motion to Dismiss and/or for Summary Judgment be granted.  In light of

---

[1] In his Recommendation, the Magistrate Judge did not specify whether 28 U.S.C. § 1404(a) or § 1406(a) was the proper statutory vehicle for transfer.  As this case is being transferred to cure a jurisdictional defect, rather than for the convenience of parties and witnesses, § 1406(a) provides the statutory authority for transfer.

the transfer to the District of Nevada, which would cure the jurisdictional defect, the Court finds that the Government's Motion should be denied as moot and the Magistrate Judge's Recommendation is overruled in this respect.

Based on the foregoing, the Court REJECTS the Magistrate Judge's Recommendation (Doc. # 25) insofar as it recommended granting the Government's Motion. The Court AFFIRMS the Magistrate Judge's Recommendation in all other respects.

Accordingly, IT IS ORDERED that:

(1)  This case is transferred to the District of Nevada;

(2)  That United States' Motion to Dismiss and/or for Summary Judgement with Respect to Petition to Quash a Summons Served on the Bank of America is DENIED AS MOOT; and

(3)  That each party shall pay their own attorney fees and costs associated with this Motion.

DATED: September __30__, 2011.

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO
United States District Judge