UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SALOMON JUAN MARCOS VILLARREAL,

        Plaintiff(s),

v.

UNITED STATES OF AMERICA,

        Defendant(s).

2:11-CV-1594 JCM (GWF)

# ORDER

Presently before the court is the government's motion for summary judgment and motion to enforce an Internal Revenue Service ("IRS") summons served on Bank of America. (Docs. ## 39-40).[1] Petitioner Salomon Juan Marcos Villarreal filed a response in opposition (doc. # 46), and the government filed a reply (doc. # 47).

## I.     Background

Petitioner filed the instant petition to quash summons in a district court in the District of Colorado. (*See* doc. # 1). The government filed a motion to dismiss and/or summary judgment with respect to the petition to quash a summons. (Doc. # 13). After the motion became ripe in the District of Colorado, the magistrate judge issued a report and recommendation that recommended (1) the summary judgment motion be granted and (2) that the action be transferred to the District of

---

[1] Documents number 39 and 40 are identical documents. They were originally filed as one document and the clerk of the court split the motion into two separate motions.

**James C. Mahan**
**U.S. District Judge**

1  Nevada. (Doc. # 25).

2  The district judge denied as moot the recommendation to grant summary judgment. (Doc.
3  # 26). The district judge affirmed the recommendation to transfer the instant action to this district.
4  (*Id.*). The government then re-filed its motion for summary judgment with this court. (*See* docs. #
5  39-40).

6  An official with the taxing authority for Mexico, the Servicio de Administracion Tributaria
7  ("SAT"), requested the IRS to obtain certain information. The SAT indicated that the requested
8  information is to be used to examine the petitioner's[2] Mexican tax liabilities in the year 2009. The
9  SAT believes that petitioner used two entities, Immobiliaria Puertas del Norte, S.A. de C.V.
10 ("Immobiliaria") and Bull Denim, S.A. de C.V. ("Bull Denim") in conjunction with the U.S. entity
11 Rambas Marketing Company LLC ("Rambas") to falsely obtain value added tax refunds and to
12 evade income and corporate tax obligations.

13 In its request, the SAT indicated that it believed petitioner to be the general director of Bull
14 Denim. Bull Denim is the owner of a bank account with Bank of America that ends with digits
15 4695. The SAT further indicated that it believes Bull Denim, at petitioner's direction, made transfers
16 out of the Bank of America account to Rambas. SAT is investigating whether these transfers from
17 Bull Denim to Rambas constituted income that petitioner failed to pay in the year 2009.

18 The SAT requested the information from Bank of America. A U.S. official with the IRS
19 reviewed the request, determined that it was relevant to the SAT's investigation, and that the request
20 comported with treaty requirements between the U.S. and Mexico.

21 The IRS issued a summons to Bank of America seeking the relevant account information.
22 The summons requested only the information requested by SAT. In this lawsuit, petitioner is seeking
23 to quash the summons. The IRS is seeking to enforce the summons.

24 **II.    Legal Standards**

25 "Pursuant to the Agreement Between the United States of America and the United Mexican
26 States for the Exchange of Information with Respect to Taxes ("TIEA"), the IRS can use its

---

[2] Petitioner is a Mexican citizen. (Doc. # 40, p. 4).

**James C. Mahan**
**U.S. District Judge**

- 2 -

summons power to retrieve documents that are central to the Mexican government's request as if the IRS was requesting the documents for its own investigation." *Villarreal v. United States*, no. 11-cv-01000, 2012 WL 987819, at *4 (D. Colo. March 23, 2012). The TIEA provides that if either the United States or Mexico requests information, the other country "shall obtain the information requested in the same manner, and provide it in the same form, as if the tax of the applicant State were the tax of the requested State and were being imposed by the requested State." TIEA, Art. 4 ¶ 5.

In judicial review of a summons, the IRS need not satisfy a probable cause standard; rather, "the IRS need only demonstrate good faith in issuing the summons." *United States v. Stuart*, 489 U.S. 353, 359 (1989). The IRS must show: (1) "the investigation will be conducted pursuant to a legitimate purpose"; (2) "the inquiry may be relevant to the purpose"; (3) "the information sought is not already within the [IRS's] possession"; and (4) the IRS has satisfied all administrative steps. *Id.* (quoting *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

This four part "good faith" standard applies to both summons enforcement proceedings and also to a proceeding brought to quash an IRS summons. *See Fortney v. United States*, 59 F.3d 117, 119-20 (9th Cir. 1995). Additionally, "[t]he same test applies where the IRS issues a summons at the request of a treaty partner." *Lidas, Inc., v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001). "In such a case, the IRS need not establish the good faith of the requesting nation. So long as the IRS itself acts in good faith under *Powell* . . . and complies with applicable statutes, it is entitled to enforcement of its summons." *Id.* (internal citations and quotations omitted).

Finally, "[o]nce the IRS establishes its prima facie case for enforcement of its summons under *Powell*, the burden shifts to the taxpayer . . . ." *Id.* (internal citations and quotations omitted). As in the domestic summons enforcement context, an affidavit or declaration from a competent official or agent can provide the prima facie showing of good faith. *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001). "Nevertheless, the taxpayer bears a heavy burden to rebut the presumption of good faith." *Lidas*, 238 F.3d at 1082 (internal citations and quotations omitted).

James C. Mahan
U.S. District Judge

- 3 -

### III. Discussion

The IRS has established each of the four *Powell* and *Stuart* factors. The IRS has provided affidavits in support of each of the four good faith requirements.

For factor one, the summons was issued for a legitimate purpose because the IRS is attempting to comply with TIEA obligations. Assisting in an investigation conducted by a foreign tax authority is a legitimate purpose. *Mazurek*, 271 F.3d 230 ("In addition, the IRS meets *Powell's* first ('legitimate purpose') requirement because it is attempting to fulfill the United States's obligations under the Treaty efficiently.") (alterations in original).

For factor two, the information sought is relevant to an SAT investigation. The SAT indicated in its request that petitioner was the general director of Bull Denim and that he directed transfers from a Bull Denim account with Bank of America to Rambas. SAT believes these transfers are relevant to its investigation of petitioner's tax liabilities. The information sought in a summons is relevant if it "might have thrown light" upon the matter. *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-15 & n. 11 (1984). The information sought by the IRS on behalf of SAT is relevant.

For factor three, the information sought was not already in the possession of either the IRS or SAT prior to the issuance of the enforcement summons. The IRS has submitted affidavits that it was not in possession of the requested Bank of America documents prior to the issuance of the summons and petitioner does not contest this factor.

For factor four, the IRS issued the summons in full compliance with all IRS administrative procedures and fully informed petitioner of its issuance. The IRS has attached affidavits detailing its step by step compliance with all applicable administrative procedures. Petitioner makes no argument that the IRS did establish the fourth factor.

Petitioner's primary argument to quash the summons is that both the IRS and SAT are attempting to circumvent the Mexican law and generally acting in bad faith. (Doc. # 46). This petitioner made very similar arguments concerning a summons request by the IRS on behalf of SAT about an American National Bank account in a Colorado federal court. *See Villarreal v. United*

James C. Mahan
U.S. District Judge

- 4 -

1  *States*, no. 11-cv-01000, 2012 WL 987819 (D. Colo. March 23, 2012).

2  For example, petitioner alleges that the SAT "was apparently barred from" obtaining the information requested in the Bank of America summons "as a result of the SAT's violation of Petitioner's due process rights." (Doc. # 46; 3:18-19). Petitioner's support for this claim is his own declaration in which he avers "[u]pon information and belief, during the pendency of my [court] challenge, the Mexican tax authority will not be able to institute . . . a formal audit of my tax liability. (*Id.*, Ex. 3). Even if this were true, it is irrelevant because all that matters under the *Powell* factors is whether the IRS acted in good faith. *See Stuart*, 489 at 359 ; *Lidas*, 238 F.3d at 1082 ; *see also Panton v. United States*, 780 F.Supp. 797 (S.D. Fla. 1991) (denying petition to quash IRS summons issued under treaty request where petitioner argued that foreign legal system had resolved matter underlying summons).[3]

Alternatively, petitioner has requested an evidentiary hearing. However, "[a] taxpayer is not entitled to an evidentiary hearing unless he or she presents some minimal amount of evidence to support a contention of a lack of good faith [on the part of the IRS]." *Fortney v. United States*, 59 F.3d 117, 121 (9th Cir. 1995). The showing must amount to amount to more than legal conclusions or unsupported allegations. *Id.* Petitioner's "evidence" is his own affidavits stating conclusions and unsupported allegations. Petitioner has not met his "heavy burden," *Lidas*, 238 F.3d at 1082, and no evidentiary hearing is warranted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion for summary judgment (doc. # 39) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that the government's motion to enforce IRS summons (doc. # 40) be, and the same hereby, is GRANTED.

---

[3] Also, in both this case and the Colorado case, petitioner raised the argument that the government knew he was not associated with or linked to Rambas. However, like in the Colorado case, his only supporting evidence of this assertion is his own affidavits. The government has provided affidavits that more precisely identify the relevant time lines. In any event, the SAT's request to obtain Bull Demin's bank account information because of alleged transfers from Bull Denim, at petitioner's direction, to Rambas is still relevant to a tax investigation.

James C. Mahan
U.S. District Judge

- 5 -

1  IT IS FURTHER ORDERED that the petition to quash summons or, in the alternative, for
2  additional time to prepare evidence of bad faith (doc. # 1) be, and the same hereby, is DENIED.
3  The clerk of the court shall enter judgment in favor of the United States and close the case.
4  DATED February 7, 2013.

*[signature]*
**UNITED STATES DISTRICT JUDGE**